Argued December 22, 1978, affirmed January 29, 1979

HELFER, *Appellant,*
*v.*
HELFER, *Respondent,*
WATSON, *Intervener/Appellant.*
(No. 20,752, CA 10580)
589 P2d 1196

James F. McCaffrey, Tigard, argued the cause and filed briefs for appellant and appellant/intervener.

Milo Pope, Milton-Freewater, argued the cause and filed a brief for respondent.

Before Schwab, Chief Judge, Gillette and Roberts, Judges, and Holman, Judge Pro Tempore.

HOLMAN, J., Pro Tempore.

**HOLMAN, J.,** Pro Tempore.

Plaintiff is the son of defendant. Plaintiff-intervener is the former wife of plaintiff and the former daughter-in-law of defendant. Plaintiff and plaintiff-intervener (plaintiffs) seek to establish that defendant holds for them as a constructive trustee 40 acres of land. They appeal from an adverse decision of the trial court.

In 1956 plaintiffs purchased for $7,500 approximately 200 acres of what was then land of little value. They paid $5,000 as a down payment by the trade of a residence. In 1958 defendant gave them $1,600 as the amount they needed to get clear title to the property and in return defendant took a deed from plaintiffs to approximately 40 of the 200 acres. Since 19 years have elapsed and a considerable increase in the value of the land has occurred, the testimony of what occurred thereafter is in violent disagreement.

Plaintiffs now contend and testified it was agreed that the $1,600 could be treated as a loan and repaid by them, if they wished, and, in such event, the title would be transferred back to them subject to a life estate in defendant. However, if they chose not to pay the amount during defendant's lifetime they had the right, upon defendant's death, to secure title by the payment of $2,500 to defendant's other children. All of this testimony is stoutly denied by defendant, who testified he furnished the funds to clear the title to the property being purchased by plaintiffs because they were having difficulty in making the payments on the property and, for so doing, he was to get clear title to the 40 acres, leaving the balance of 160 acres with a residence thereon free and clear for plaintiffs.

There is no way of reconciling diametrically opposite testimony and the trial judge had the unenviable duty of making the choice as to who was telling the truth. He concluded, and we agree, that plaintiffs failed to carry their burden of persuasion. Those who make such a claim as plaintiffs do here, after an elapse

[ 277 ]

of 19 years against an aged father who admittedly had financially befriended his son many times, have a considerable burden. There is nothing to be gained by a detailed discussion of the testimony. The decision rests solely on a question of fact and, after careful consideration, we agree with the trial judge.

The decree of the trial judge is affirmed.